UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

HURT 123 Marketing, LLC, a Florida limited
liability company,

        Plaintiff,

v.

MARC G. SNYDER, an individual d/b/a The Law
Offices of Marc G. Snyder;  and NATHANIEL
PATEL, an individual,

        Defendants.

_____/

## COMPLAINT

Plaintiff, HURT 123 Marketing, LLC, ("HURT123"), by and through its undersigned counsel, hereby sues Defendants, Marc G. Snyder ("Snyder") and Nathaniel Patel, ("Patel") (hereinafter individually each defendant is referred to as "Defendant" and collectively all referred to as "Defendants"), and state:

### JURISDICTION & VENUE

1.    This is an action for service Marks infringement, counterfeiting and unfair competition under the United States Trademark Act ("Lanham Act"), 15 U.S.C. §§ 1051 et seq. This Court has subject matter jurisdiction under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121(a), and the Judicial Code, 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction of the state statutory and common law claims under 28 U.S.C. §§ 1338(b) and 1367(a).  This complaint asserts claims for federal service mark counterfeiting and infringement in violation of Section 32 and 43(a) of the Lanham Act, 15 U.S.C. §§  1114 and 1125(a), for unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), for federal trademark dilution in violation of Section 43 of the Lanham Act 15 U.S.C. § 1125(c), for service

1

mark infringement in violation of the common law of Florida, for unfair competition in violation of the common law of Florida, for service mark dilution in violation of the Florida Trademark Act (Fla. Stat. §495.001, et. seq.) and the common law of Florida, for civil conspiracy, and for cancellation of a fraudulent Florida trademark under Fla. Stat. §495.101.

2.      This Court has personal jurisdiction over Defendants under Fla. Stat. §48.193, because they signed contracts in Florida and have committed the tortious acts outside the state causing injury here in Florida.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all of the Defendants reside in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District. The Defendants are subject to personal jurisdiction in this District because they have engaged in substantial and not isolated business activity in the District, are operating, conducting, engaging in, or carrying on a business or business venture in the District, maintain offices in the District, signed contracts in the District, have offered services and goods into the District, and have committed the tortious acts complained of herein in the District.  As such, they are deemed, pursuant to 28 U.S.C. § 1391(c), to reside in this District for purposes of venue.

**THE PARTIES**

4.      Plaintiff HURT123 is a Florida limited liability company.

5.      Defendant Snyder is an individual doing business as The Law Firm of Marc Snyder.  He is believed to reside in Baltimore, Maryland, and maintains offices at 229 N. Howard Street, Suite 201, Baltimore, Maryland 21201.

6.      Defendant Patel is an individual who, upon information and belief, resides in Baltimore, Maryland and maintains work offices at 229 North Howard Street, Suite 201, Baltimore, Maryland 21201.

## STATEMENT OF FACTS

**A.**     ***The Famous HURT123 marks.***

1.       As early as 2005, HURT123 Holdings, LLC, or its predecessor in interest, began advertising the marks HURT123, 1-877-HURT-123 and BIG AL (the "Marks"), in connection with legal services.  HURT123 Holdings or its predecessor in interest is the owner of the United States Service Marks BIG AL, Registration No. 3,860,159, 1-877-HURT-123, Registration No. 4,000,849, and HURT123 Registration No. 4,128,752, all for "legal services."   These registrations are valid and subsisting and in full force and effect.

2.       HURT123 Holdings, LLC, licensed the Marks to HURT123 with right to sublicense it.

3.       HURT123 has run an extensive series of advertisements in various media featuring the Marks, including, but not limited to, print media, radio and television, and has spent millions of dollars in connection with this advertising.  In recent years, HURT123 has spent an average of $100,000 per month on advertising featuring the Marks.

4.       Due to HURT123's promotional efforts, the Marks have become associated exclusively with HURT123's services.

5.       As a result of the supervision and control exercised by HURT123 over the nature and quality of the services offered in connection with the Marks and the extensive advertising and public acceptance of the Marks, as well as the extensive sale of services offered in connection with the Marks, the Marks have acquired national celebrity and fame, symbolizing the extensive goodwill that HURT123 has created.  Therefore, the Marks have acquired significant secondary meaning in the minds of the relevant public and have become famous. Indeed, the United States District Court for the Southern District of Florida, in *HURT123*

3

*Barzakay, LLC v. The Accident Hotline Guide, Inc., et al.,* Case No. 10-24135-CIV-GRAHAM, ruled that the Marks are famous.

6.     In light of the fame and status of the distinctive Marks, the Marks have become an asset of enormous, if not incalculable, value to HURT123.

**B.     *Defendant Marc G. Snyder becomes a licensee.***

7.     In early 2012, Defendant Snyder approached the principals at HURT123 seeking to license the Marks.

8.     After some negotiation, on April 2, 2012, Defendant Snyder and HURT123 signed a sub-License Agreement allowing Defendant Snyder to use the Marks in the territory consisting of the Maryland telephone area codes 410, 443, 667, 240 and 301 in exchange for consideration which included the monthly payment of a ten thousand dollar ($10,000) licensing fee.

9.     As part of the license, Defendant Snyder was allowed to use the Trademarks on the Internet to promote legal services in the Territory.  Payments of the licensing fee were sent to HURT123 in Florida every month.

10.     Defendant Snyder made wide use of the Marks in the Territory and advertised on the Internet with a toll free number.

11.     Defendant Patel, at all times relevant hereto and presently, controls and operates the websites where the Marks were used to promote Snyder's services.

12.      The Agreement specifically provides at section 9(c) that:

> Upon termination of this Agreement for any reason, all rights granted to Licensee hereunder will terminate and revert to Licensor and Licensee **shall cease any and all use of the Marks for any purposes**. . . . Notwithstanding any termination or expiration of this Agreement, Licensor shall have and hereby reserves all rights and remedies which it has or which are granted to it by operation of law, to enjoin the unlawful or unauthorized use of the Marks.

**B.**     *Defendant Marc G. Snyder breaches the License Agreement.*

13.     Defendant Snyder failed to pay the licensing fee due to HURT123 on May 1, 2015.

14.     Despite telephone calls, Snyder failed to provide any explanation for the breach of the Agreement.

15.     On May 19, 2015, HURT123 sent Defendant Snyder a notice of default and provided ten (10) days for Snyder to cure the breach.

16.     Snyder failed to respond or to cure the breach.

17.     As a result of this breach the relationship was terminated.

18.     Despite the termination of the relationship, Snyder failed to stop use of the Marks on various websites that he and Defendant Patel control and administer.

19.     On June 4, 2015, counsel for HURT123 sent Defendant Snyder a letter warning him to cease the infringement and counterfeiting of the Marks.

20.     The letter specifically warned Snyder that he would be subject to an award of attorney's fees and costs.

21.     On June 11, 2015, Snyder sent HURT123 an e-mail indicating that he would remove the infringing and counterfeit marks immediately.

22.     The infringing and counterfeit marks were not removed.

23.     Currently Defendants are making infringing and counterfeiting use of the Marks on the following sites:

*Websites*

http://www.marcsnyderlaw.com/blog/category/big-al/

http://www.marcsnyderlaw.com/blog/2012/07/

http://www.marcsnyderlaw.com/blog/tag/attorney-big-al/page/5/

*Facebook page*

https://www.facebook.com/marcsnyderlaw

*YouTube*

https://www.youtube.com/user/marcsnyderlaw/videos?view=0

("Infringing Web Content")

**C.**   ***Damage caused by Defendants' infringing activity.***

24.   HURT123 has entered into an agreement with a new licensee in the Territory.

25.   Defendants' actions are hurting this new license and threaten to terminate the deal.

26.   The Marks represent legal services and require the confidence and trust of the consumer.

27.   If the public's confidence in the Marks is lost, HURT123's entire business and practice can be destroyed.

28.   Defendants' use of the Marks has been undertaken and continued deliberately, with knowledge of HURT123's prior use of the famous Marks and with the willful intent to cause mistake, to deceive and/or to confuse consumers into believing that HURT123 sponsors or approves of Defendants' use of the Marks, thus causing injury to HURT123.

29.   Defendants' actions described above (1) are likely to affect interstate commerce by deceiving or confusing the public throughout the nation, including but not limited to, Maryland; (2) constitute a false designation of the origin of the Marks; (3) falsely suggests a non-existent connection between Defendants and HURT123; (4) falsely suggests that HURT123 has sponsored, licensed or approved of Defendants' use of the Marks; and (5) have diluted, damaged, blurred and tarnished the distinctive quality and value of the Marks, and continue to do so.  Such

confusion, counterfeiting, infringement and unfair competition, are and will continue to irreparably injure HURT123's goodwill, business reputation, and the Marks.

30.     In addition, because the Marks are viewed on a national scale via Defendants' internet pages, the wrongful activity is likely to cause confusion throughout the nation, to harm HURT123's licensees, and to interfere with HURT123's relationships with licensees and prospective licensees.

31.     All conditions precedent to the bringing of this action have either been satisfied or have been waived by Defendants.

32.     HURT123 has retained the undersigned counsel in connection with this suit and is obligated to pay them a reasonable fee for their services.

**FIRST CAUSE OF ACTION**
**Federal Service Marks Counterfeiting and Infringement Under the**
**Lanham Act §§ 32 and/or 43(a), 15 U.S.C. §§ 1114 and/or 1125(a)**
**Against All Defendants**

33.     HURT123 realleges and incorporates herein by reference the allegations of paragraphs 1-31 of the Complaint as set forth above.

34.     The Marks are inherently distinctive and have become exclusively associated with, and exclusively identify, HURT123's business and services.

35.     By using HURT123's federally-registered Marks in a counterfeit manner to misrepresent themselves to the consumer, Defendants have intentionally caused confusion and mistake and have deceived consumers.

36.     Defendants' unauthorized use of the Marks in commerce for services related to those offered by HURT123 is calculated to, and is likely to, deceive, mislead and confuse the relevant consumers as to an affiliation, connection, or association with HURT123, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities.  Such actions

therefore constitute counterfeiting and service Marks infringement in violation of §§ 32 and/or 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and/or 1125(a).

37.     As a proximate result of the acts of Defendants as alleged herein, HURT123 has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits, while Defendants have profited from their wrongdoing.

38.     HURT123 has no adequate remedy at law for the counterfeiting and infringement of its service Marks as alleged herein.   Unless the use of the Marks by Defendants is preliminarily and permanently enjoined by the Court pursuant to 15 U.S.C. § 1116, HURT123 will continue to suffer irreparable harm.

39.     The actions of Defendants have been willful and deliberate and amount to exceptional circumstances, justifying an award of attorney's fees to HURT123 pursuant to 15 U.S.C.  § 1117.

40.     Upon information and belief, the Defendants have all conspired together to commit the foregoing acts, and each is jointly and severally liable therefor.

### SECOND CAUSE OF ACTION
**Federal Unfair Competition Under the
Lanham Act §§ 43(a), 15 U.S.C. §§ 1125(a)
Against all Defendants**

41.     HURT123 realleges and incorporates herein by reference the allegations of paragraphs 1-31 of the Complaint as set forth above.

42.     The Marks are inherently distinctive and have become exclusively associated with, and exclusively identifies, HURT123's business and services.

43.     By reason of Defendants' wrongful use of the Marks, consumers have been intentionally deceived by Defendants, thereby degrading and damaging HURT123's consumer goodwill.

44.     By using the Marks to deceive consumers, with knowledge that HURT123 owns and has used, and continues to use, the Marks in Maryland and across the United States, Defendants have intentionally made false designations of origin about Defendants' services and commercial activities.  Such conduct already has, and is likely to continue to, cause confusion, mistake, and to deceive as to the affiliation, connection, or association of Defendants with HURT123, or as to the origin, sponsorship, or approval of Defendants' services with respect to HURT123.    In  addition,  this  conduct  constitutes  misrepresentation  as  to  the  nature, characteristics, and qualities of Defendants' services.

45.     As a proximate result of the acts of Defendants as alleged herein, HURT123 has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits, while Defendants have profited from their wrongdoing.

46.     HURT123 has no adequate remedy at law for the false designation of origin as alleged herein.  Unless the use of the Marks is permanently enjoined by the Court pursuant to 15 U.S.C. § 1116, HURT123 will continue to suffer irreparable harm.

47.     Furthermore, Defendants' use of the Infringing Web Content can only be seen as a further effort to profit through consumer confusion and theft of HURT123's goodwill thereby causing irreparable harm to HURT123 which can only be prevented through preliminary and permanent injunctive relief.

48.     The  actions  of  Defendants  have  been  willful  and  deliberate  and  amount  to exceptional circumstances, justifying an award of attorney's fees to HURT123 pursuant to 15 U.S.C. § 1117.

49.     Upon information and belief, the Defendants have conspired together to commit the foregoing acts, and each is therefore jointly and severally liable therefor.

### THIRD CAUSE OF ACTION
**Federal Dilution Under Lanham Act**
**§ 43(c) and or § 43(d)(1), 15 U.S.C. § 1125(c) and/or § 1125(d)(1)**
**Against all Defendants**

50.     HURT123 realleges and incorporates herein by reference the allegations of paragraphs 1-31 of the Complaint as set forth above.

51.     The Marks are distinctive as used and registered by HURT123 in connection with HURT123's services. The Marks are strong, and indeed, famous, as a result of HURT123's prominence in the marketplace and HURT123's extensive advertising, promotion and sale of the services in association with the Marks.

52.     Defendants' use of the Marks, for promoting and selling services not emanating from, associated with ,or approved by HURT123, has diluted, blurred, and diminished, and is likely to dilute, blur, and diminish the distinctive quality and value of the famous Marks, in violation of 15 U.S.C. § 1125(c) and/or § 1125(d)(1).

53.     As a proximate result of Defendants' unlawful acts as alleged herein, HURT123 has suffered and will, without judicial intervention, continue to suffer great damage to its business, goodwill, reputation and profits.  HURT123 has no adequate remedy at law.

54.     The actions of Defendants have been willful and deliberate and amount to exceptional circumstances, justifying an award of attorney's fees to HURT123 pursuant to 15 U.S.C. § 1117.

55.     Upon information and belief, the Defendants have conspired together to commit the foregoing acts, and each is therefore jointly and severally liable therefor.

### FOURTH CAUSE OF ACTION
**Common Law Service Marks Infringement**
**Against all Defendants**

56.     HURT123 realleges and incorporates herein by reference the allegations of paragraphs 1-31 of the Complaint as set forth above.

10

57.     The Marks are distinctive as used by HURT123 in connection with HURT123's services, and indeed, famous, as a result of HURT123's prominence in the marketplace and HURT123's extensive advertising, promotion and sale of the services in association with the Marks

58.     The Marks are distinctive and have become exclusively associated with and exclusively identify HURT123's business and services, and as a result of the supervision and control exercised by HURT123 over the nature and quality of the services offered in connection with the Marks, and the extensive advertising, sale and public acceptance of the Marks, the distinctive Marks have acquired celebrity, symbolizing the extensive goodwill and reputation that HURT123 had created.   Therefore, the distinctive Marks have acquired significant secondary meaning in the minds of the relevant public and have become famous.

59.     By reason of Defendants' wrongful use of the Marks, long after HURT123's first use of the Marks, to identify services related to those offered by HURT123 in the same geographical area, consumers are likely to mistakenly believe that Defendants' services are sponsored or otherwise approved by HURT123.

60.     As a proximate result of Defendants' unlawful acts as alleged herein, HURT123 has suffered and will, without judicial intervention, continue to suffer great damage to its business, goodwill, reputation and profits.

61.     HURT123 has no adequate remedy at law for the infringement of its service Marks as alleged herein.  Unless the use of the Marks is preliminarily and permanently enjoined by the Court, HURT123 will continue to suffer irreparable harm.

62.     HURT123 is entitled to recover from Defendants all damages it has and may later sustain due to Defendants' improper conduct and is further entitled to recover Defendants' profits obtained from their improper conduct, in an amount to be proven.

63.     Upon information and belief, Defendants Snyder and Patel have been the active, moving force behind the Corporate Defendants' tortious conduct, and each is therefore jointly and severally liable therefor.

64.     Upon information and belief, the Defendants have conspired together to commit the foregoing acts, and each is therefore jointly and severally liable therefor.

**FIFTH CAUSE OF ACTION**
**Unfair Competition in Violation of Florida Common Law**
**Against all Defendants**

65.     HURT123 realleges and incorporates herein by reference the allegations of paragraphs 1-31 of the Complaint as set forth above.

66.     The Marks are distinctive as used in connection with legal services, and are famous as a result of HURT123's prominence in the marketplace and its extensive advertising, promotion and sale of services in connection with the Marks.

67.     By reason of Defendants' wrongful use of the Marks, long after HURT123's first use of the Marks, to identify services related to those offered by HURT123 in the same geographical area, consumers are likely to mistakenly believe that Defendants' services are sponsored or otherwise approved by HURT123.

68.     Defendants' willful acts as alleged herein, which confuse, mislead, and deceive the public as to the source of Defendants' services, and falsely suggest a connection with HURT123, constitute acts of unfair competition with HURT123 in violation of the laws of the State of Florida.

69.     As a proximate result of Defendants' unlawful acts as alleged herein, HURT123 has suffered and will, without judicial intervention, continue to suffer great damage to its business, goodwill, reputation and profits.

70.     HURT123 has no adequate remedy at law for the infringement of its service Marks as alleged herein. Unless the use of the Marks and the Infringing Web Content are preliminarily and permanently enjoined by the Court, HURT123 will continue to suffer irreparable harm.

71.     Upon information and belief, the Defendants have conspired together to commit the foregoing acts, and each is therefore jointly and severally liable therefor.

<u>SIXTH CAUSE OF ACTION</u>
**State Statutory and Common Law Trademark Dilution**
**Pursuant to FLA. STAT. § 495.151**
**Against All Defendants**

72.     HURT123 realleges and incorporates herein by reference the allegations of paragraphs 1-31 of the Complaint as set forth above.

73.     The Marks are famous in the State of Florida as a result of HURT123's prominence in the marketplace and HURT123's extensive advertising, promotion and sale of the services in association with its Marks.

74.     Defendants' use of the Marks, for promoting and selling services not emanating from, associated with or approved by HURT123, has diluted, blurred, and diminished, and is likely to dilute, blur, and diminish the distinctive quality and value of the famous Marks, in violation of the laws of Fla. Stat. § 495.151.

75.     Defendants willfully sought to trade upon HURT123's reputation or to cause dilution of the Marks.

76.     As a proximate result of Defendants' unlawful acts as alleged herein, HURT123 has suffered and will, without judicial intervention, continue to suffer great damage to its business, goodwill, reputation and profits.

77.     HURT123 has no adequate remedy at law for the infringement of its service Marks as alleged herein. Unless the use of the Marks and the Infringing Web Content are permanently enjoined by the Court, HURT123 will continue to suffer irreparable harm.

78.     The actions of Defendants justify an award of attorney's fees to HURT123 pursuant to Fla. Stat. § 495.141 and Fla. Stat. § 495.151.

79.     Upon information and belief, Defendants Snyder and Patel have been the active, moving force behind the Defendants' tortious conduct, and each is therefore jointly and severally liable therefor.

80.     Upon information and belief, the Defendants have conspired together to commit the foregoing acts, and each is therefore jointly and severally liable therefor.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court order the following relief:

A.     That the Court enter a preliminary and permanent injunction prohibiting Defendants, their officers, agents, servants, employees, and/or all persons acting in privity or in concert or participation with them, or any of them, from:  (1) using the infringing counterfeit copies of the Marks and any confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs in commerce or in connection with any business or for any other purpose (including, but not limited to, on web sites, in domain names, and as names for business entities); (2) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure HURT123's business reputation or weaken the distinctive quality of HURT123's marks, as well as ordering them to surrender to HURT123 for destruction any promotional materials in their possession that contain the prohibited terms;

B.     An award of compensatory, consequential, statutory, and punitive damages in an amount to be determined at trial;

C.     An award of interest, costs and attorneys' fees incurred by HURT123 in prosecuting this

action; and

D.     All other relief to which HURT123 is entitled.

Dated:  June 26, 2015.

Respectfully Submitted,

By: s/Jorge Espinosa
        Jorge Espinosa, Esq.
        Florida Bar # 779032
        jespinosa@etlaw.com
        ESPINOSA | TRUEBA PL
        1428 Brickell Ave., Suite 100
        Tel :   305-854-0900
        Fax:   855-854-0900

        *Attorneys for Plaintiff*